IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY L. BLAND,
    Petitioner,

vs.                                     Case No. 3:09cv174/MCR/EMT

STATE OF FLORIDA, et al.,
    Respondents.
_____/

**ORDER**

    Now pending is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and a motion to proceed in forma pauperis.  (Docs. 1, 2).  It appears that Petitioner qualifies to proceed in forma pauperis, therefore, he may proceed without payment of the filing fee.

    Petitioner is a state prisoner incarcerated at Union Correctional Institution.  Following a jury trial in the Circuit Court in and for Escambia County, Florida, Petitioner was found guilty of burglary of a dwelling with assault (Doc. 1 at 3, Ex. A).  On October 21, 1986, he was adjudicated guilty and sentenced to life imprisonment (*id.* at 3(a)).  In the instant petition, Petitioner challenges his conviction and sentence on the ground that the trial judge, the Honorable William H. Anderson, did not orally pronounce Petitioner guilty or sign the written judgment of conviction (*id.* at 3(a, b)).

    The court notes that Petitioner previously filed a § 2254 petition in this court, Bland v. Singletary, Case No. 3:93cv30290/RV/SMN.  In that petition, he challenged the same conviction which he now challenges on the following grounds: (1) trial counsel failed to request a jury instruction on the necessary lesser included offense of trespass, (2) trial counsel failed to request a jury instruction on the defense of voluntary intoxication, (3) trial counsel failed to object or move for mistrial after the prosecutor emphasized omissions in Petitioner's initial statement to the police, and (4) appellate counsel failed to argue that the trial court committed fundamental reversible error

by instructing the jury on the presumption of intent arising from stealthy entry when there was no evidence supporting such an entry.  *See* Petition, Bland v. Singletary, Case No. 3:93cv30290/RV/SMN (N.D. Fla. June 8, 1993).  Following a Report and Recommendation, the habeas petition was denied on the merits.  *See* Order, Bland v. Singletary, Case No. 3:93cv30290/RV/SMN (N.D. Fla. Oct. 14, 1997).  Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court affirmed the judgment of the district court.  *See* Mandate, Bland v. Singletary, Case No. 97-3410 (11th Cir. Apr. 12, 1999).

Petitioner is advised that, pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997).  The instant petition is clearly "second or successive," because Petitioner challenges the same conviction he challenged in his prior federal petition.[1]  Therefore, unless Petitioner has obtained the requisite permission from the Eleventh Circuit Court of Appeals to file the instant petition, this district court would be precluded from considering the merits of the petition.  Accordingly, Petitioner shall be required to demonstrate that he has obtained the requisite certification from the Eleventh Circuit.

Accordingly, it is **ORDERED**:

1.	Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

2.	Petitioner shall have **THIRTY (30) DAYS** from the date of docketing of this order to submit a sworn affidavit stating whether he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his second federal habeas petition and, if not, why the instant petition should not be dismissed as second or successive.

---

[1] Petitioner's contention that he is not subject to § 2254 and its attendant restrictions because he is not in custody pursuant to a lawful state court judgment and is essentially a "pre-convicted detainee" (*see* Doc. 1 at 3(a, b)), is unconvincing.  Petitioner is a prisoner of the Florida Department of Corrections pursuant to the judgment of conviction and sentence rendered by a State circuit court, despite his challenge to the legality of that judgment; therefore, his petition is subject to the restrictions and requirements of § 2254.  *See* Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) (holding that there is but one habeas corpus remedy for those imprisoned pursuant to a state court judgment; and that for those so imprisoned, the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions).

      3.      Petitioner's failure comply with this order will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 22nd day of April 2009.

                /s/ *Elizabeth M. Timothy*
                **ELIZABETH M. TIMOTHY**
                **UNITED STATES MAGISTRATE JUDGE**