IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY L. BLAND # 905797,
    Petitioner,

vs.                                      Case No.:  3:09cv174/MCR/EMT

STATE OF FLORIDA, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 8).

    On April 22, 2009, the undersigned issued an order directing Petitioner to show cause why the instant habeas action should not be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A) (Doc. 5).  Petitioner filed responses to the order (Docs. 6, 10).  He also filed a "Motion for Enlargement of Time to File 28 U.S.C. § 2244(b) Application" (Doc. 9).  Upon thorough review, the court concludes that the petition should be dismissed as an unauthorized successive petition.

    Petitioner is a state prisoner incarcerated at Union Correctional Institution.  Following a jury trial in the Circuit Court in and for Escambia County, Florida, Case No. 86-2856-CF, Petitioner was found guilty of burglary of a dwelling with assault (Doc. 1 at 1, 3, Ex. A).  On October 21, 1986, Petitioner was sentenced to life imprisonment (Doc. 1 at 4, Ex. A).  In the instant petition, Petitioner challenges his conviction and sentence on the ground that the trial judge, the Honorable William H. Anderson, did not orally pronounce Petitioner guilty or sign the written judgment of conviction (Doc. 1 at 3(a, b), attached supporting memorandum).

The court notes that Petitioner previously filed a § 2254 petition in this court, <u>Bland v.Singletary</u>, Case No. 3:93cv30290/RV/SMN. In that petition, he challenged the same conviction which he now challenges on the following grounds: (1) trial counsel failed to request a jury instruction on the necessary lesser included offense of trespass, (2) trial counsel failed to request a jury instruction on the defense of voluntary intoxication, (3) trial counsel failed to object or move for mistrial after the prosecutor emphasized omissions in Petitioner's initial statement to the police, and (4) appellate counsel failed to argue that the trial court committed fundamental reversible error by instructing the jury on the presumption of intent arising from stealthy entry when there was no evidence supporting such an entry. *See* Petition, <u>Bland v. Singletary</u>, Case No. 3:93cv30290/RV/SMN (N.D. Fla. June 8, 1993). Following a Report and Recommendation, the habeas petition was denied on the merits. *See* Order, <u>Bland v. Singletary</u>, Case No. 3:93cv30290/RV/SMN (N.D. Fla. Oct. 14, 1997). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court affirmed the judgment of the district court. *See* Mandate, <u>Bland v. Singletary</u>, Case No. 97-3410 (11th Cir. Apr. 12, 1999).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); <u>In re Medina</u>, 109 F.3d 1560 (11th Cir. 1997). In Petitioner's responses to the show cause order, he does not dispute that he previously filed a federal habeas action, Case No. 3:93cv30290/RV/SMN, challenging the same conviction and sentence he challenges in the instant petition (Docs. 6, 10). However, Petitioner contends that in the previous habeas case, this court failed to determine the validity of the state court judgment, and if the court had determined that issue, it would have concluded that the state court judgment was invalid (for the reason asserted in the instant petition, that is, the judgment of conviction and sentence was not signed by the state court judge), and that Petitioner was therefore proceeding under § 2241 instead of § 2254 (Doc. 6 at 1–2; Doc. 10 at 3). He additionally contends that the instant habeas petition should be considered under § 2241 instead of § 2254 because of the illegality of the state court judgment (*id.*). Petitioner does not assert he has obtained permission from the Eleventh Circuit to

file the instant petition, and he appears to request that this case be stayed pending his obtaining such (*see* Doc. 9).

Despite Petitioner's contention that the state court judgment of conviction and sentence are invalid, the fact remains that he is currently imprisoned pursuant to a judgment of a state court; therefore, his federal habeas petition is subject to the rules and restrictions imposed upon § 2254 petitions. See Medberry v. Crosby, 351 F.3d 1049, 1054 n.5. (11th Cir. 2003) (holding that there is but one habeas corpus remedy for those imprisoned pursuant to a State court judgment, and it is governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions). As previously discussed, the instant petition challenges the legality of the same state conviction and sentence that was the subject of the previous § 2254 petition. Furthermore, Petitioner's previous petition qualified as a first petition for purpose of determining successor status.[1] Therefore, the instant petition is "second or successive" for purposes of § 2244(b)(3)(A). Additionally, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals to file the instant petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (district court lacked jurisdiction to entertain second or successive petition as petition had not obtained authorization for filing it). For this reason, this case should be dismissed without prejudice to allow Petitioner an opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is respectfully **RECOMMENDED**:

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

1. That Petitioner's habeas petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida  this 27th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**